# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY WASHINGTON, | Civil Action Nos. 17-7243 (PGS-TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| CHARLES ELLIS, et al, | |
| Defendants. | |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 3). He has also moved for the appointment of pro bono counsel. (ECF No. 9). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will permit the complaint to proceed in part.

1. Plaintiff states that he hit his attorney in the Mercer County Courthouse on June 29, 2017. He waited to be handcuffed but was instead tackled by law enforcement officers.

2. Plaintiff alleges they slammed him onto the ground, breaking a bone in his hand. He was taken out of the courtroom in handcuffs and thrown up against the wall. One of the sheriffs kept tightening the handcuffs and "twisting and jerking [his] hand up to [his] back" in order to inflict pain on Plaintiff in retaliation for assaulting his public defender. Plaintiff states this was caught on the courthouse cameras.

1

3. Upon arriving back at the Mercer County Correctional Center, Plaintiff told Sergeant Friel that he needed to go to the hospital for his injured hand. Sergeant Friel took Plaintiff to the nurse, but told Plaintiff that they did "not send inmates to the hospital anymore we can give you ice that is it." When Plaintiff tried to tell Sergeant Friel that his hand was broken, Sergeant Friel told Plaintiff that he was refusing medical care and took Plaintiff back to his cell.

4. An x-ray taken of Plaintiff's hand on July 6, 2017 confirmed it was broken. He alleges he was not given any pain medication. He received another x-ray on July 25, 2017, which indicated the break was serious. Plaintiff had surgery on his hand on August 2, 2017 to insert a pin and screw. He did not receive any pain medication between July 25 and August 2. The pin and screw in Plaintiff's hand are there permanently.

5. Plaintiff alleges Sergeant Friel ordered him not to be taken to the hospital "because he has to work in the jail with the two supervisors, Lt. Zegarski, and Lt. Lyszczak." Compl. at 1 He further alleges the Warden knew all about his injury and the failure to provide medical attention but did nothing.

6. Defendant Mercer County Correctional Center is dismissed from this case. A county jail is not a "person" subject to suit under § 1983. *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Tremper v. Correct Care Solutions*, No. 13-3626, 2014 WL 320338, at *2 (D.N.J. Jan. 29, 2014); *Antoine v. Belleville Mun. Ct.*, No. 10-1212, 2010 WL 2989991, at *3 (D.N.J. July 27, 2010); *McLeod v. Monmouth Cnty. Corr. Inst.*, No. 05-4710, 2006 WL 572346, at *4 (D.N.J. Mar. 8, 2006).

7. The claims against Lieutenant Zegarski and Lieutenant Lyszczak are also dismissed. Plaintiff does not make any factual allegations against these individuals other than they are supervisors. Liability under § 1983 "cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Vague allegations that they may have been the reason Plaintiff was not taken to the hospital are insufficient to state a claim.

8. The claims against the Mercer County Sheriff shall also be dismissed. A city or county police department is not a proper party to a § 1983 action because police departments are "governmental sub-unit[s] that [are] not distinct from the municipality of which it is a part." *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (per curiam). Plaintiff has not stated sufficient facts to infer a municipal liability claim against Mercer County for an unconstitutional policy or practice.

9. Plaintiff's excessive force complaint shall be permitted to proceed against the individual John Doe Mercer County Sheriff's Officers. The Court shall direct the Clerk to add them to the caption.

10. Plaintiff's denial of medical care claim shall be permitted to proceed against Sergeant Friel, Warden Ellis, and Mercer County Correctional Center Employees.

11. Plaintiff's motion for the appointment of counsel is denied without prejudice. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155

(3d Cir. 1993). As the Court is permitting the complaint to proceed, it will analyze the remaining *Tabron* factors.

12. In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors).

13. On balance the *Tabron* factors weigh against the appointment of counsel at this time. The legal issues do not appear to be very complex, and Plaintiff has sufficiently presented them to the Court to survive sua sponte screening. The existence of the courthouse video and Plaintiff's medical records mean it will not solely be a swearing contest. It is unknown whether expert testimony will be required. Weighing in favor of appointing counsel are the facts that some factual investigation will be necessary, and Plaintiff cannot afford counsel on his own. However, these factors are outweighed by the others at this time.

14. The denial of counsel is without prejudice; Plaintiff may move for the appointment of counsel at a later time by address the *Tabron* factors.

IT IS on this ___3___ day of ___May___, 2018,

ORDERED that all claims against Defendant Mercer County Correctional Institution and Mercer County Sheriff are hereby **DISMISSED WITH PREJUDICE**, and are hereby **DISMISSED** from the case; it is further

**ORDERED** that the Clerk shall add John Doe Mercer County Sheriff's Officers to the caption as defendants; and it is further

**ORDERED** that the excessive force claims against John Doe Mercer County Sheriff's Officers and the denial of medical care claims against Charles Ellis, Sergeant Friel, and Mercer County Correctional Center Employees shall **proceed**; and it is further,

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, see Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that Plaintiff's motion for the appointment of pro bono counsel (ECF No. 9) is DENIED WITHOUT PREJUDICE; and it is finally

**ORDERED** that the Clerk of the Court shall send a Copy of this Order to Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).