# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY WASHINGTON, | : |
| Plaintiff, | : Civ. No. 17-7243 (PGS) (TJB) |
| v. | : |
| CHARLES ELLIS, et al., | : OPINION |
| Defendants. | : |

## PETER G. SHERIDAN, U.S.D.J.

### I. INTRODUCTION

Plaintiff Randy Washington ("Plaintiff" or "Washington") is a state inmate proceeding with an amended civil complaint. Presently pending before this Court is defendant Dr. Michael Deehan's ("Deehan") motion for summary judgment. (*See* ECF 91). For the following reasons, Deehan's motion for summary judgment will be granted.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Washington's amended complaint alleges a claim of medical malpractice against Deehan. (*See* ECF 38 at 14). Washington's hand was injured while at the Mercer County Courthouse that resulted in Deehan performing hand surgery on him in 2017. (*See id.* at 5, 13-14). Deehan put pins and screws in Washington's hand. (*See* ECF 98 at 1). Plaintiff states that Deehan told him that the pins would be permanent. (*See* ECF 38 at 13). However, sixty days after surgery, Washington was given an X-ray and Deehan took the pins and screws out. (*See* ECF 98 at 1). Washington was provided a soft cast for his hand by Deehan, despite Deehan purportedly knowing that Washington's hand was still broken. (*See* ECF 98 at 1).

Deehan answered the amended complaint on June 28, 2019. (*See* ECF 81). Thereafter, Magistrate Judge Bongiovanni notified Washington of the need to serve an affidavit of merit pursuant to N.J. Stat. Ann. § 2A:53A-27. (*See* ECF 82 at 1). Judge Bongiovanni noted in her letter order that Washington needed to serve an affidavit of merit within sixty days of Deehan's answer. (*See id.*) She also noted that this deadline could be extended by an additional sixty days upon a showing of good cause by Washington. (*See id.*) Subsequently, Judge Bongiovanni granted Washington's request for that sixty-day extension. (*See* ECF 85).

After the 120-day period for Washington to submit an affidavit of merit expired without one being served, Deehan submitted a motion for summary judgment. (*See* ECF 91). Washington submitted a response in opposition to the motion (*see* ECF 98), and Deehan submitted a reply. (*See* ECF 99). The matter is now ripe for disposition.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 permits a court to award a party summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if supported by evidence such that a reasonable jury could return a verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kaucher v. County of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006). A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See Anderson*, 477 U.S. at 248; *Kaucher*, 455 F.3d at 423. In determining whether a genuine dispute of material fact exists, the Court must view the facts and all reasonable inferences drawn from those facts "in the light most favorable to the [non-movant]." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

A movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). While a defendant moving for summary judgment must support assertions by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), the movant is not required to "support its motion with affidavits or other similar materials *negating* the opponent's claim," *Celotex Corp.*, 477 U.S. at 323. Instead, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the movant has shown an absence of material factual dispute, the non-movant then bears the burden to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Moreover, the non-movant may not rest upon the mere allegations or denials of the pleadings. *Id.* at 324; *Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254, 1258 (D.N.J. 1994), *aff'd* 67 F.3d 291 (3d Cir. 1995). The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. A mere "scintilla of evidence ... will be insufficient." *Anderson*, 477 U.S. at 252.

Local Civil Rule 56.1 requires that a motion seeking summary judgment include a statement of material facts not in dispute and that an opponent of summary judgment shall file "a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R. 56.1(a). The rule further provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.*

## IV. DISCUSSION

As noted by the United States Court of Appeals for the Third Circuit, the affidavit of merit statute in New Jersey:

> requires the plaintiff in a malpractice action to file "an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J. Stat. Ann. § 2A:53A–27. The penalty for not following the statute is severe: absent a showing of extraordinary circumstances, the failure to file the affidavit within sixty days of the filing of the answer "shall be deemed a failure to state a cause of action." § 2A:53A–29. This requirement "curtail[s] frivolous litigation without preventing access to the courts for meritorious claims." *Palanque* [*v. Lambert-Woolley*], 774 A.2d [501] at 505 [N.J. 2001)].

*Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 579–80 (3d Cir. 2003).

It is undisputed in this case that Washington has not submitted an affidavit of merit within the time allotted. This failure usually results in the dismissal of a plaintiff's medical malpractice claims. *See Olivares v. United States*, 447 F. App'x 347, 353 (3d Cir. 2011) ("In New Jersey, allegations of medical malpractice require, with few exceptions, the submission of an affidavit of merit as a precondition to filing suit. Failure to file 'shall be deemed a failure to state a cause of action.'") (quoting N.J. Stat. Ann. § 2A:53A-27 through 29)). Washington though asserts that he should be relieved from submitting an affidavit of merit because of the common knowledge exception to the affidavit of merit requirement.

"Where . . . common knowledge makes apparent a claim's merit, an expert's affidavit is unnecessary." *Natale*, 318 F.3d at 580. "The common knowledge exception applies in cases where 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of' expert knowledge." *Richards v. Wong*, No. 14-3353, 2015 WL 4742344, at *6 (D.N.J. Aug. 10,

4

2015) (quoting *Estate of Chin v. Saint Barnabas Med. Ctr.*, 734 A.2d 778, 785 (N.J. 1999)). The New Jersey Supreme Court has held that the common knowledge exception should be narrowly construed. *See Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495, 501 (N.J. 2001). This Court has noted some instances where the common knowledge exception to the affidavit of merit requirement applied:

> in *Hubbard, supra,* a dentist removed the wrong tooth. In . . . *Palanque v. LambertWoolley,* a physician misread test results which lead to unnecessary major surgery. 168 N.J. 398, 774 A.2d 501, 503 (N.J. 2001). In yet another seminal case, *Bender v. Walgreen Eastern Co., Inc.,* a pharmacist filled a prescription with the wrong drug. 399 N.J. Super. 584, 945 A.2d 120, 122 (N.J. Super. Ct. App. Div. 2008). [In] *Jackson v. Fauver,* 334 F. Supp. 2d 697 (D.N.J. 2004). . . . all of the allegations involved the failure to provide plaintiffs with medical care that had already been prescribed to them by specialists. *Id.* at 743; *see also Grimes v. Corr. Med. Servs.,* 2010 WL 50301 (D.N.J. Feb. 8, 2010) (holding that failure to deliver prescribed medication in a timely manner falls within the common knowledge exception).

*Richards,* 2015 WL 4742344, at *6.

Washington has not demonstrated the obviousness of Deehan's asserted negligence. His claim is based on the purported negligence of Deehan who he admits performed an x-ray, removed the pins and screws from Washington's hand that he had previously placed there with surgery and gave Washington a soft cast to wear. Expert testimony would be needed to determine the appropriateness of these post-surgical actions by Deehan. It is not within a lay person's knowledge as to whether Deehan's post-surgical treatment of Washington was negligent. *See, e.g., Davis v. Pine Acres Convalescent Ctr.*, A-2148-14T2, 2015 WL 6113143, at *5 (N.J. Sup. Ct. App. Div. Oct. 19, 2015) (where issue implicates defendant's professional judgment, claim is beyond the common knowledge exception). Therefore, this case does not fall within the common knowledge exception. Summary judgment is therefore appropriate.

## V. CONCLUSION

For the foregoing reasons, Deehan's motion for summary judgment is granted. An appropriate order will be entered.

DATED: February 19, 2020

_____
PETER G. SHERIDAN
United States District Judge