UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RANDY WASHINGTON,

        *Plaintiff*,

v.

CHARLES ELLIS, *et al.*,

        *Defendants*.

Civ. Action No.: 17-cv-7243 (PGS) (TJB)

MEMORANDUM
AND ORDER

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on pro se Plaintiff Randy Washington's ("Plaintiff" or "Mr. Washington") appeal of orders entered by the Hon. Tonianne J. Bongiovanni, U.S.M.J., denying Mr. Washington's requests for the appointment of pro bono counsel. (ECF No. 122). Mr. Washington's appeal to this Court is proper pursuant to Local Civil Rule 72.1(c)(1). Since the issue of appointment of pro bono counsel has previously been brought before this Court on appeal in this matter, the instant application has been decided based upon the written submissions of the parties pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Court DENIES Mr. Washington's application for pro bono counsel and AFFIRMS the findings of Judge Bongiovanni.

**I.**

In this case, Mr. Washington alleges that his hand was injured by Mercer County Sheriff's Officers at the Mercer Criminal Courthouse after Mr. Washington assaulted his public defender in court. (*See* Am. Compl., ECF No. 38). Mr. Washington further alleges that upon arriving back at the Mercer County Correction Center from the courthouse, he was unconstitutionally denied medical assistance to treat his injured hand. (*Id.*).

Mr. Washington has moved before Judge Bongiovanni for the appointment of pro bono counsel on multiple occasions. Mr. Washington filed his first such motion on March 14, 2018. (ECF No. 9). On May 10, 2018, Judge Bongiovanni denied Mr. Washington's motion in a well-reasoned letter order. (ECF No. 10). Judge Bongiovanni set forth the controlling principles of law and denied the motion on the grounds that this matter presents relatively straightforward legal issues and is not unusually complex or complicated. (*Id.*). Additionally, Judge Bongiovanni found that Mr. Washington had proved himself capable of presenting his claims without the assistance of counsel, as evidenced by his unassisted: (i) filing of the Complaint; (ii) filing of an application to proceed *in forma pauperis* which was granted; and (iii) filing of his first motion for the appointment of pro bono counsel. (*Id.*).

On May 29, 2018, Mr. Washington appealed Judge Bongiovanni's letter order denying his first request for the appointment of pro bono counsel. (ECF No. 14). Oral argument on Mr. Washington's appeal was held on August 14, 2018. This Court entered an order denying the appeal that same day. (ECF No. 25).

Later, on August 25, 2019, Mr. Washington submitted another letter asking Judge Bongiovanni to appoint him pro bono counsel. (ECF No. 88). On October 7, 2019, Judge Bongiovanni again denied his motion, reasoning that Mr. Washington has not argued any change in circumstances from the time that his previous requests for counsel were denied. (*Id.*). Further, Judge Bongiovanni held that Mr. Washington has continued to demonstrate his ability to prosecute the matter, as evidenced by his sustained communications with the court over the course of the litigation and his opposition to the defendant's motion for summary judgment. (*Id.*).

On March 12, 2020, Mr. Washington filed yet another letter brief seeking an appointment of pro bono counsel, but this time he addressed his letter brief to this Court (rather than Judge Bongiovanni). (ECF No. 111). As such, on July 7, 2020, Judge Bongiovanni rendered a letter order ruling that Mr. Washington's March 12, 2020 filing shall be deemed as an appeal of her decision to deny him pro bono counsel. (ECF No. 121). Notwithstanding, Mr. Washington filed another brief in support of his appeal on July 7, 2020. (ECF No. 122). The defendants responded to his appeal by letter dated July 13, 2020. (ECF No. 124).

## II.

While there is no right to counsel in a civil case, (*see Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)), "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The District Court has significant discretion in deciding whether to appoint pro bono counsel. *Hopkins v. Medio*, No. CIV.A. 12-5134 JBS, 2015 WL 4770864, at *2 (D.N.J. Aug. 12, 2015). In making that determination, a court first must consider whether a plaintiff's claim "has some merit in fact and law." *Tabron*, 6 F.3d at 155. Once that initial threshold is satisfied, the court should consider the following additional factors, which the Third Circuit set forth in *Tabron*:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Hopkins*, 2015 WL 4770864, at *2-3 (citing *Parham*, 126 F.3d at 457). "This list of factors is not exhaustive, nor is a single factor determinative." *Id.*

"Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has authority to hear and determine non-dispositive pretrial matters," and "[d]ecisions on motions to appoint counsel are non-dispositive." *Turner v. Doe*, No. CV155942 (RBK/AMD), 2018 WL 6630511, at *3 (D.N.J. Dec. 19, 2018), *aff'd sub nom. Turner v. Scott*, 781 F. App'x 47 (3d Cir. 2019). Magistrate judges are given "wide discretion" in addressing such motions. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

When a party appeals a matter within the purview of a magistrate judge, this Court considers whether the judge's decision was (1) clearly erroneous or contrary to law, or (2) an abuse of discretion. *See generally, Turner*, 781 F. App'x at 50 n.3; *Williams v. Office of Dist. Att'y Erie Cty.*, 751 F. App'x 196, 198 (3d Cir. 2018); *Romero v. Ahsan*, No. CIV.A. 13-7695 (FLW), 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015); *Rhett v. New Jersey*, No. CIV.A.07-1310 (DRD), 2007 WL 1456199, at *1-2 (D.N.J. May 14, 2007). Under the first prong, the movant bears the burden of showing that the magistrate judge misinterpreted or misapplied the law. *Romero*, 2015 WL 5455838, at *3; *Marks*, 347 F. Supp. 2d at 149. Under the second prong, "discretion is abused only where no reasonable man would take the view adopted by the trial court." *Id.*

### III.

Here, Mr. Washington has not argued that any of Judge Bongiovanni's rulings denying his motions for appointment of pro bono counsel were an abuse of discretion or "clearly erroneous or contrary to law." (*See* ECF No. 122). In carefully reviewing the record, the Court finds that Judge Bongiovanni's decisions to deny Mr. Washington's requests for counsel were fair, sensible, and consistent with the controlling law. She considered the *Tabron* factors for

appointing pro bono counsel and concluded that such appointment was unwarranted in light of the facts of this case.  (*See, e.g.*, ECF Nos. 10, 88).

Specifically, Judge Bongiovanni found that Mr. Washington did not demonstrate that his case presents sufficiently complex legal issues to warrant appointment of counsel under the second *Tabron* factor.  (ECF No. 10 at 2).  Judge Bongiovanni also noted that, "at least as of this early stage of proceedings," Mr. Washington appeared capable of representing himself without counsel.  (ECF No. 10 at 2-3).  As such, she found that the first *Tabron* factor weighed against appointing pro bono counsel as well.

This Court agrees with Judge Bongiovanni's analysis of the *Tabron* factors in her May 2018 order denying Mr. Washington's application for pro bono counsel and finds that she neither made a clear error of law nor abused her discretion.  Nothing in Mr. Washington's present appeal warrants a different decision here.

Further, the Third Circuit has emphasized that "appointment of counsel under § 1915(d) may be made at any point in the litigation," "even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case."  *Tabron*, 6 F.3d at 156-57.  Should the Court determine that appointment of pro bono counsel is appropriate at a later time, it may make that decision *sua sponte*.

For the foregoing reasons, Plaintiff's appeal is denied.

<u>**ORDER**</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff Randy Washington's ("Plaintiff") appeal of orders entered by the Hon. Tonianne J. Bongiovanni, U.S.M.J., denying Mr. Washington's requests for the appointment of pro bono counsel, (ECF No. 122); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments presented therein; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 2nd day of November, 2020,

**ORDERED** that Plaintiff's appeal, (ECF No. 122), is **DENIED**, and Judge Bongiovanni's rulings are **AFFIRMED**.

<u>*s/Peter G. Sheridan*</u><br>
PETER G. SHERIDAN, U.S.D.J.