# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ELLIS, et al.,<br><br>Defendants. | Civil Action No. 17-7243 (PGS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon *pro se* Plaintiff Randy Washington's ("Plaintiff's") motion seeking leave to amend the pleadings in order to add eleven new defendants. (Docket Entry No. 148). Defendants oppose Plaintiff's motion on the grounds of undue delay and prejudice. (Docket Entry No. 149). The Court has fully reviewed all arguments raised in favor of and in opposition to Plaintiff's motion to amend his Amended Complaint ("First Amended Complaint" or "FAC"). The Court considers Plaintiff's motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to amend is DENIED.

### I. Background and Procedural History

Plaintiff's claims of constitutional violations under 42 U.S.C. § 1983 stem from his allegations that he was injured while being restrained by Mercer County Sheriff's Officers on June 29, 2017 after he hit his attorney and subsequently prevented from receiving adequate medical care. (*See generally* FAC, Docket Entry No. 38). Plaintiff filed his original Complaint against numerous defendants, including the Mercer County Correction Center ("MCCC"), the Mercer County Sheriff, Warden Charles Ellis, Sergeant Timothy Friel, Lieutenant Christopher Zegarski,

Lieutenant Mark Lyszczak, and unidentified Mercer County Sheriff's Officers and "Mercer County Correction Center employees" on September 19, 2017. (Docket Entry No. 1). The District Court granted Plaintiff's *in forma pauperis* application on January 16, 2018. (Docket Entry No. 8). On May 15, 2018, the District Court dismissed the case against defendants MCCC, the Mercer County Sheriff, Zegarski, and Lyszczak but allowed the rest of the claims to move forward. (Docket Entry No. 11). Defendants Ellis and Friel answered the Complaint on July 12, 2018. (Docket Entry No. 21).

On August 28, 2018, Plaintiff filed a motion to amend the Complaint by adding a party but failed to specify the party to be added. (Docket Entry No. 27). On September 5, 2018, Plaintiff filed an additional motion to amend naming Sergeant Tamaine Grier as the party he wanted to add. (Docket Entry No. 29). On October 29, 2018, the Court denied Plaintiff's first motion to amend but granted his second motion to amend the Complaint. (Docket Entry No. 31). Plaintiff filed his First Amended Complaint on December 26, 2018. (Docket Entry No. 38). Although the Court only granted Plaintiff permission to add Grier as a defendant, Plaintiff's First Amended Complaint not only added Grier but instead also added Dr. Michael Deehan, Deputy Warden Oliver, Zegarski, and Lyszczak as defendants.[1] Defendants Ellis, Friel, and Grier (hereinafter "Defendants") answered the First Amended Complaint on February 6, 2019. (Docket Entry No. 39).

Defendants then filed a motion for summary judgment on February 7, 2019, arguing that Plaintiff had failed to exhaust his administrative remedies at the MCCC. (Docket entry No. 40). Subsequently on September 20, 2019, the Court denied the Defendants' motion for summary judgment. (Docket Entry Nos. 86, 87).

---

[1] Oliver, Zegarski, and Lyszczak were served in April 2019 (Docket Entry No. 61) but never entered an appearance in response. Zegarski and Lyszczak had previously been dismissed from the case by the District Court. (Docket Entry No. 11).

Deehan answered the First Amended Complaint on June 28, 2019. (Docket Entry No. 81). On October 31, 2019, Deehan filed a motion for summary judgment. (Docket Entry No. 91). The District Court later granted Deehan's motion for summary judgment because of Plaintiff's failure to file an affidavit of merit as required by N.J. Stat. Ann. § 2A:53A-27. (Docket Entry Nos. 108, 109).

On May 13, 2021, Plaintiff filed this motion to amend, seeking to add as the defendant John and Jane Doe Mercer County Sheriff's Officers Joel Adams, Joseph Dilissio, Mario Lanzetta, Peter Tempesta, Terrance Upshur, and Jessica Senese and as the unidentified MCC Medical Staff Jennifer Petrillo, Dr. Margarita Sheynberg, RN Rosa Lorenzo, LPN Ashley Phillips, and LRT Darlene Pereksta. (Docket Entry No. 148). Defendants filed their opposition on May 18, 2021. (Docket Entry No. 149).

## II. Analysis

### A. Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.

3

1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

### B. Discussion

It is well settled that "[a] pro se plaintiff is 'entitled to a certain degree of leniency so as to ensure that her case is decided on its merits rather than a procedural technical[ity].'" *Okorie v. Salem County Correctional Facility*, Civil No. 12-1230 (JBS/AMD), 2012 WL 4611155, at *2 (D.N.J. Oct. 2, 2012) (quoting *Pickney v. Sheraton Socy' Hill*, No. 93-5198, 1994 WL 37862, at *2 (E.D.Pa. July 15, 1994)); *see also Artis v. McCann*, No. CIV A. 11-3613 WJM, 2013 WL 2481251, at *3 (D.N.J. June 10, 2013) (noting that *pro se* litigants are "held to a more lenient standard than a licensed attorney" and, consequently, deeming contrary facts contained in plaintiff's Complaint and opposition to defendants' motion for summary judgment denials of defendants' statement of facts). When reviewing any procedural delay in the instant case, Plaintiff's *pro se* status must be considered. To determine whether Plaintiff's proposed amendments can be classified as "undue delay," the Court examines Plaintiff's actions throughout these proceedings.

4

As highlighted by Defendants in their opposition to this motion, "[i]n December 2018, Plaintiff was provided the names of sheriff's officers involved in his seizure and return to detention on June 29, 2017." (*See* Def. Brief at 2-3, Docket Entry No. 149). Similarly, on June 4, 2019, Plaintiff was provided with all of his medical records from the MCCC, including the names of medical staffers who treated him. (*Id.* at 1).[2] Since those disclosures, Plaintiff has made no attempt to amend the pleadings to add as defendants these eleven individuals.

Although the time lag is significant, time cannot be the sole determining factor for the Court. Given the limitations on library access, it is reasonable to expect procedural delay that would not be customary of practicing attorneys. (*See* Docket Entry Nos. 146, 147). However, the Court agrees with Defendants that the delay in adding these individuals as defendants constitutes undue delay at this point. Although representing himself *pro se*, Plaintiff has exhibited a high level of competence and diligence through his correspondence with this Court, and he even previously successfully filed a motion to amend the Complaint. The sheer volume of correspondence from Plaintiff on the docket demonstrates his ability to make requests of the Court and prosecute this case. Although the customary practices of an attorney cannot be the barometer for what constitutes undue delay here, Plaintiff has exhibited sufficient aptitude throughout this litigation that a delay of more than two years in filing a motion to amend cannot be tolerated and constitutes undue delay.

Next, the Court looks at whether Plaintiff's motion to amend would be unduly prejudicial to Defendants. Defendants argue that granting the motion would force them to bear the expense of additional resources as new defendants respond to the pleadings and additional discovery

---

[2] The Court also notes that Plaintiff's original Complaint and First Amended Complaint did not allege improper and negligent medical care by the medical staff and instead argued that various officers and administrators denied him access to medical care.

5

proceeds against defendants forced to try to piece together these events from years earlier and potentially defend against new claims of medical malpractice not previously alleged. (Def. Brief at 6). Adding Dr. Petrillo, RN Sheynberg, and LPN Lorenzo would also require Plaintiff to produce an affidavit of merit against them (something he previously failed to do against Dr. Deehan), and where the proposed defendants are contract employees of the MCCC, their employer would also need to be added to the case. (*Id.*) In addition, as Defendants argue, they cannot even identify Ashley Phillips or her connection to this matter, and Hon. Darlene Pereksta, J.S.C., is the New Jersey Superior Court judge who presided at Plaintiff's criminal trial. (*Id.*) Granting the motion would significantly delay any possible resolution to the litigation, which has already been pending for many years. The Court agrees with Defendants that these delays and additional burdens would constitute undue prejudice.

Based on the foregoing, the Court denies Plaintiff's motion to amend the pleadings. When delay places an unfair burden on the opposing party and is prejudicial against the non-movant, denial of a motion to amend is appropriate. *Adams,* 739 F.2d at 868.[3]

### III. Conclusion

For the reasons stated above, Plaintiff's motion to file a Second Amended Complaint is DENIED. An appropriate Order follows.

Dated: July 15, 2021

    /s Tonianne J. Bongiovanni
**HON. TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Although Plaintiff also cites to Fed. R. Civ. P 19(a) to justify his motion to amend, the proposed defendants are not required parties under that provision.