UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY WASHINGTON,<br><br>    *Plaintiff*,<br><br>v.<br><br>CHARLES ELLIS, *et al.*,<br><br>    *Defendants*. | Civil Action No.:<br>3:17-cv-7243-PGS-TJB<br><br><br>**MEMORANDUM AND ORDER**<br>**ECF NO. 197** |

  This case is before the Court on Plaintiff Randy Washington's pro se motion appealing an Order issued by Hon. Tonianne J. Bongiovanni, U.S.M.J. (ECF No. 195). Evidently, Judge Bongiovanni denied Washington's motion to compel responses to written deposition questions propounded on Lieutenants Lysczak and Zegarski of the Mercer County Sheriff's Department. Judge Bongiovanni correctly reasoned that the Lieutenants were not parties to the action, and counsel for the other defendants had no obligation to serve them. Contrary to Judge Bongiovanni's ruling, Washington contends that the Lieutenants Lysczak and Zegarski are parties to this action.

  Although Judge Bongiovanni's Order is correct, there are two prior orders (ECF No. 11 and 48) signed by the undersigned which may have confused Washington. On screening (May 15, 2018) (28 U.S.C. § 1915(i)(2)(B)), Lieutenants Zegarski and Lysczak were dismissed within the body of a

Memorandum and Order (ECF No. 11, ¶ 7) but the Order did not specifically dismiss Zegarski and Lysczak, the Order only authorized the complaint to proceed against other defendants. It states:

> ORDERED that the excessive force claims against John Doe Mercer County Sheriff's Officers and the denial of medical care claims against Charles Ellis, Sergeant Friel, and Mercer County Correctional Center Employees shall proceed; . . .

In addition, the Order further directed the Clerk to "issue summons and the United States Marshal shall serve the summons, complaint and this Order upon" the defendants. (28 U.S.C. § 1915(d)).

Evidently, the language of the Order concerning the issuance of summons was imprecise because the Clerk and the Marshals Office did not communicate with Washington that he was required to submit U.S. Marshal Form No. 285 for such service. As a result, ten months later (March 1, 2019), upon the request of the Clerk's Office, another Order (ECF No. 48) was entered.  This Order directed the Clerk to send a letter to Washington about the "procedure for completing Form 285 upon Defendants" which erroneously named Lieutenants Lysczak and Zegarski as two of the defendants.

## II.

The successful management and prosecution of litigation depends upon the diligence and precision of Court personnel, including Judges, as well as the adversarial system.

Since a couple of minor errors occurred here, the appropriate course is to realign the litigation on the proper course, to restate prior rulings for clarity, and to communicate same to the parties including Washington.

ORDER

IT IS on this 17th day of October, 2022;

ORDERED that Lieutenants Lysczak and Zegarski are dismissed with prejudice for failure to state a claim as set forth in a prior Memorandum and Order (ECF No. 11); and it is further

ORDERED that Washington may appeal the dismissal of Lieutenants Lysczak and Zegarski as set forth in the Memorandum and Order (ECF No. 11) pursuant to Fed. R. Civ. P. 60(a) and 28 U.S.C. § 1292(b); and it is further

ORDERED that the appeal (ECF No. 197) of Judge Bongiovanni's Order (ECF No. 195) is denied; and it is further

ORDERED that the Clerk is directed to serve this Order upon Washington by first class mail.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.